**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

CELESTE KEYS,

        Plaintiff,

v.                                             Case No. 6:14-cv-1161-Orl-37DAB

SHELL OIL COMPANY,

        Defendant.

## ORDER

This matter is before the Court on the following:

1. Shell Oil Company's Motion to Dismiss Amended Complaint and Incorporated Memorandum of Law (Doc. 21), filed December 22, 2014; and

2. Response to Defendant's Motion to Dismiss Amended Complaint (Doc. 24), filed January 16, 2015.

## BACKGROUND

Defendant Shell Oil Company removed this personal injury action from state court on July 18, 2014, based on diversity jurisdiction. (Doc. 1.) On November 20, 2014, Plaintiff Celeste Keys filed an Amended Complaint which alleges that Defendant is liable to her based on Defendant's design, manufacture, marketing, and distribution of toluene. (Doc. 20.) Defendant moved to dismiss the Amended Complaint (Doc. 21), and Plaintiff responded (Doc. 24). As explained below, the Court agrees with Defendant that the Amended Complaint is due to be dismissed.

## LEGAL STANDARDS

The Federal Rules of Civil Procedure set forth minimum pleading requirements. Rule 8 requires that a complaint consist of simple, concise and direct allegations, and a short and plain statement of the claims. Fed.R.Civ.P. 8(a), (d) ("Each allegation must be simple, concise and direct."). Under Rule 10, a plaintiff is required to set forth distinct claims in separate counts and use numbered paragraphs, each limited to a single set of circumstances:

> A party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading, if doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count.

Fed.R.Civ.P. 10(b).

When a complaint is so poorly drafted that the defendant cannot be expected to frame a fair response, or if the complaint otherwise fails to state a claim that is plausible on its face, the defendant may file a motion to dismiss under Rule 12(b)(6). *See Popham v. Cobb Cty., Ga.*, 392 Fed. App'x 677 (11th Cir. 2010); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 672, 678–79 (2009). Courts must accept all well-pled factual allegations—but not legal conclusions—in the complaint as true. *See Iqbal*, 556 U.S. at 672 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). After disregarding allegations that "are not entitled to the assumption of truth," the court must determine whether the complaint includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556).

## DISCUSSION

The Amended Complaint plainly does not comply with the Court's minimum

pleading requirements. (*See* Doc. 20.) Most importantly, Plaintiff lumps all of her theories of recovery into a single section denoted "LIABILITY." (*Id.* ¶¶ 32–45.) Such a framework is obtuse, confusing, and fails to comply with the requirement that separate claims be set forth in separate counts. *See* Fed.R.Civ.P. 10(b). The Amended Complaint simply cannot serve as the foundation of a federal action, and Defendant cannot be expected to respond to the Amended Complaint.

Although the deadline to amend pleadings has passed (Doc. 18, p. 1), the Court will afford Plaintiff one additional opportunity to file an Amended Complaint in compliance with minimum pleading requirements. Plaintiff is advised that if she files another pleading in this action that lumps all her claims together, includes blatant scrivener's errors (such as referring to the Plaintiff by another name or gender or incorrectly alleging facts that are basic to her claim—such as her diagnosed condition), is organized in a "shotgun" fashion, or provides insufficient factual allegations to give Defendant notice of the product(s) at issue and circumstances of Plaintiff's alleged exposure, then the Court will dismiss the pleading without leave to reassert and will close this case. Plaintiff is further advised that if her Second Amended Complaint includes a claim based on fraud, she must comply with the heightened pleading requirements set forth in Rule 9(b) as to that claim.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Shell Oil Company's Motion to Dismiss Amended Complaint and Incorporated Memorandum of Law (Doc. 21) is **GRANTED**.

2. The Amended Complaint (Doc. 20) is **DISMISSED**.

3. On or before **February 6, 2015**, Plaintiff shall file a Second Amended

>
> Complaint in compliance with the requirements of this Order and the Federal Rules of Civil Procedure.
>
> 4. If Plaintiff fails to file a Second Amended Complaint in the time and manner prescribed, then the Court will dismiss the deficient pleading (if any) without leave to reassert and **CLOSE** this action without further notice.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 23, 2015.

_____
ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record